```
WENDY S. GERBOTH
Attorney At Law
California Bar No. 167687
964 Fifth Avenue, Suite 214
San Diego, California 92101
Telephone: (619) 699-5969
Facsimile: (619) 699-5967
wendysgerboth@hotmail.com

Attorney for Defendant Mark William Rines
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE JANIS L. SAMMARTINO)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal No. 08CR-2341-03-JLS |
| Plaintiff, ) | Date: August 29, 2008 |
| ) | Time: 1:30 p.m. |
| v. ) | |
| ) | NOTICE OF MOTIONS AND |
| MARC WILLIAM RINES (3), ) | MOTIONS: |
| ) | |
| Defendant. ) | 1) TO COMPEL FURTHER DISCOVERY; |
| ) | 2) TO REQUIRED DISCLOSURE OF THE INFORMANT(S); |
| ) | 3) FOR LEAVE TO FILE FURTHER MOTIONS |

TO:    KAREN P. HEWITT, UNITED STATES ATTORNEY; and
       DAVID L. LESHNER, ASSISTANT UNITED STATES ATTORNEY

   PLEASE TAKE NOTICE that on Friday August 29, 2008 at 1:30 p.m., or as soon thereafter as counsel may be heard, the defendant, Marc William Rines, by and through his attorney, Wendy S. Gerboth, will ask this Court to enter an order granting the motions listed below.

**MOTIONS**

   Marc William Rines, the defendant in this case, by and through his attorney, Wendy S. Gerboth, pursuant to the U.S. Const., Fed. R. Crim. P., Fed. R. Evid., and all other applicable statutes, case law and local rules, hereby moves this Court for an order:

      (1) to compel further discovery;
      (2) to disclose the confidential informant, and
      (3) granting leave to file further motions.

These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, and any and all other materials that may come to this Court's attention at the time of the hearing on these motions.

                                  Respectfully submitted,

Dated: August 15, 2008        */S/ Wendy S. Gerboth*
                                  Wendy S. Gerboth
                                  Attorney for Marc William Rines

C:\Documents and Settings\WENDY\My Documents\Clients\Rines\pretrial motions.wpd

WENDY S. GERBOTH
Attorney At Law
California Bar No. 167687
964 Fifth Avenue, Suite 214
San Diego, California 92101
Telephone: (619) 699-5969
Facsimile: (619) 699-5967
wendysgerboth@hotmail.com

Attorney for Defendant Marc William Rines

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE JANIS L. SAMMARTINO)

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 08-CR2431-03-JLS |
| Plaintiff, | Date: August 29, 2008 |
| v. | Time: 1:30 p.m. |
| MARC WILLIAM RINES(3), | STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT |
| Defendant. | OF DEFENDANT'S PRETRIAL MOTIONS |

## I.

### STATEMENT OF FACTS[1]

Marc William Rines is charged in a one count indictment with conspiring with four other people to distribute one kilogram and more of heroin in violation of 21 U.S.C. §§ 841(b)(1) and 846. According to pleadings and discovery produced by the government Mr. Rines and co-defendant Paul Michael Padilla allegedly contacted co-defendant's Jose Raul Ayala and William Gomez-Garcia about purchasing multiple kilograms

---

[1] This statement of facts is based on discovery provided by the government. Mr. Rines expressly reserves the right to contradict, explain, and/or supplement this statement of facts at any future pre-trial proceedings and at trial, based on additional discovery and on pre-trial investigation.

of heroin.  Mr. Gomez contacted co-defendant Emmanuel Bautista who arranged to obtain the heroin from a source of supply.  Further, the government contends that Mr. Rines borrowed a car from a friend in Portland, Oregon and traveled with co-defendant Paul Michael Padilla from Portland, Oregon to San Diego, California for the purpose of purchasing heroin.  The government alleges Mr. Rines was with Mr. Padilla shortly before Mr. Padilla met with the heroin source of supply (believed to be an informant/cooperating witness) carrying a bag containing $96,000 in cash.

In a post-arrest statement Mr. Rines denied knowledge of the drug deal, and has entered a not-guilty plea.

The government has produced 20 pages of discovery, and three compact discs (photos, video surveillance footage, and a recording).

**II.**

**MOTION TO COMPEL DISCOVERY/PRESERVE EVIDENCE**

Pursuant to the Fourth, Fifth and Sixth Amendments to the United States Constitution, Rules 12 and 16 of the Federal Rules of Criminal Procedure, <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), 18 U.S.C. 3500 (the <u>Jenks</u> Act), Mr. Rines moves the Court for an order compelling further discovery, and for the preservation of evidence.  This motion includes all discovery in the possession, custody or control of the government, and of which the government attorney may become aware through the exercise of due diligence.  <u>See</u> Fed. R. Crim. P. 16.  This discovery motion includes, but is not limited to, the following:

(1) <u>The Defendant's Statements.</u>  All written or recorded statements, any written record containing the substance of any oral statements, any written summaries of his oral statements, and the handwritten notes of any government agents who took notes of such

statements, and any response to <u>Miranda</u> warnings. Fed. R. Crim. P. 16(a)(1)(A).

(2) <u>Arrest Reports, Notes and Surveillance.</u> All arrest reports, notes, dispatch or any other tapes that relate to the circumstances surrounding the defendant's arrest and/or questioning. This request includes, but is not limited to, any rough notes, records, reports, transcripts, or other documents which contain statements of the defendant or any other discoverable material. Fed. R. Crim. P. 16(a)(1)(A); <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). The government must produce arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant. Fed. R. Crim. P. 16(a)(1)(B) and (C); Fed. R. Crim. P. 26.2 and 12(i).

(3) <u>The Defendant's Prior Record.</u> The defendant requests disclosure of his prior record. Fed. R. Crim. P. 16(a)(1)(B).

(4) <u>Evidence Seized.</u> The defendant requests production of evidence seized as a result of any search, either warrantless or with a warrant. Fed. R. Crim. P. 16(a)(1)(C).

(5) <u>Tangible Objects.</u> The defendant requests the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, alleged narcotics, fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended for use in the government's case or were obtained from or belong to him. Fed. R. Crim. P. 16(a)(1)(C).

(6) <u>Request for Preservation of Evidence.</u> The defendant specifically requests the preservation of all physical evidence that may be destroyed, lost, or otherwise put out of the possession,

custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case. This request includes, but is not limited to, the results of any fingerprint analysis, the alleged controlled substance, vehicles, the defendant's personal effects, and any other evidence seized from the defendant or any other party.

(7) <u>Reports Of Examinations And Tests.</u> The defendant requests the opportunity to inspect and copy any reports of any scientific tests which are material to the preparation of the defense or intended for use in the government's case. Fed. R. Crim. P. 16(a)(1)(D).

(8) <u>Expert Witnesses.</u> The defendant requests the name, qualifications, and a written summary of the testimony of any person that the government intends to call as an expert witness during its case. Fed. R. Crim. P. 16(a)(1)(E). The defendant requests that the Court order disclosure of this discovery at least four weeks prior to trial in order so the defendant may perform follow-up investigation, prepare <u>in limine</u> motions in a timely manner, and prepare for trial.

(9) <u>Brady Material.</u> The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt, which affects the credibility of the government's case, or which may result in a lower sentence under the United States Sentencing Guidelines. Under <u>Brady</u>, impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

(10) <u>Giglio Information.</u> The defendant requests all statements and/or promises, express or implied, made to any government

1  witnesses in exchange for their testimony in this case, and all other
2  information which could arguably be used for the impeachment of any
3  government witnesses. <u>Giglio v. United States</u>, 405 U.S. 150 (1972).
4          (11) <u>Henthorn Material.</u> The defendant requests that the
5  government examine the personnel files of all government agents in this
6  action for <u>Brady</u> material. <u>United States v. Herring</u>, 83 F.3d 1120 (9th
7  Cir. 1996).
8          (12) <u>Informants and Cooperating Witnesses.</u> The defendant
9  requests disclosure of the name(s), address(es), and location(s) of all
10 informants or cooperating witnesses used or to be used in this case,
11 and in particular, disclosure of any informant who was a percipient
12 witness in this case or otherwise participated in the crime charged
13 against the defendant. <u>Roviaro v. United States</u>, 353 U.S. 52, 61-62
14 (1957). The government must disclose any information derived from
15 informants which exculpates or tends to exculpate the defendant. <u>Brady
16 v. Maryland</u>, 373 U.S. 83 (1963). The government must disclose any
17 information indicating bias on the part of any informant or cooperating
18 witness. <u>Id.</u> The defendant submits further authority on this issue
19 <u>infra</u>.
20         (13) <u>Jencks Act Material.</u> The defendant requests production
21 at least four weeks in advance of trial of all material, including
22 dispatch tapes, which the government must produce pursuant to 18 U.S.C.
23 § 3500. Advance production will avoid the possibility of delay at the
24 request of defendant to investigate the <u>Jencks</u> material.
25         (14) <u>Any Proposed 404(b) Evidence.</u> The defendant requests
26 prior notice of any other acts that the government intends to introduce
27 in its case-in-chief, through impeachment, or in its rebuttal case.
28 Fed. R. Crim. P. 16(a)(1)(C); Fed. R. Evid. 404(b) and 609(b); <u>United</u>

1 States v. Vega, 188 F.3d 1150 (9th Cir. 1999). The defendant requests
2 that the Court order disclosure of this discovery at least four weeks
3 prior to trial in order to investigate it, to prepare in limine motions
4 in a timely manner, and to prepare adequately for trial.

### III.

### THE GOVENMENT MUST REVEAL
### THE IDENTITY OF ANY CONFIDENTIAL INFORMANTS

8   Due process requires disclosure of the identity of
9 confidential informant(s)/cooperating witness(es). Roviaro v. United
10 States, 353 U.S. 53, 60-61 (1957); United States v. Ramirez-Rangel, 103
11 F.3d 1501, 1505 (9th Cir. 1997); United States v. Ordonez, 737 F.2d
12 793, 809 (9th Cir. 1984). "Where the disclosure of an informant's
13 identity, or the contents of his communication, is relevant and helpful
14 to the defense of an accused, or is essential to a fair determination
15 of a cause," the government must disclose the information. Rovario, 353
16 U.S. at 60-61. If the government withholds this information, the action
17 may be dismissed. Id.

18   Under Roviaro, this Court must balance the government's
19 interest in protecting the flow of information about illegal activity
20 against the accused's right to prepare a defense to the charges.
21 Roviaro, 353 U.S. at 62; Ramirez-Rangel, supra. To prevail in
22 disclosure, the accused must show that the testimony of the witness
23 will prove "relevant and helpful, or [is] essential to a fair trial."
24 Ramirez-Rangel, 103 F.3d 1505 (quoting United States v. Amador-Galvan,
25 9 F.3d 1414, 1417 (9th Cir. 1993)) (internal quotations omitted).
26 Although, courts require more than a "suspicion" on the part of the
27 accused, see e.g., Ramirez-Rangel, the Rovario standard is identical to
28 the "reasonable probability" standard under Brady and its progeny. To

evaluate whether the accused has met the threshold showing for revelation of the witnesses under due process and <u>Rovario</u>, this Court must consider the particular facts and circumstances of this case, as well as the crime charged, the possible defenses, the possible significance of the witnesses's testimony, and other relevant factors. <u>Roviaro</u>, <u>supra</u>, <u>Ordonez</u>, 737 F.2d at 808.

      This case clearly involves at least one confidential informant - the "source" of the alleged heroin. This person played a key role in the alleged conspiracy, as a percipient witness. The government, however, has not provided any information about him. The government must reveal his identity and whereabouts. <u>Roviaro</u>, 353 U.S. at 64 (disclosure required where informant participant in charged transaction). government must reveal the identity of the witnesses even if they are not percipient witnesses to the acts alleged in the indictment because the witnesses may provide information which might lead to other sources of information relevant or helpful to the defense. <u>Amador-Galvan</u>, 9 F.3d at 1417.

      The government does not satisfy its obligation by merely disclosing the identity and location of the confidential witnesses. The government has the duty to produce the witnesses or to show that despite reasonable efforts it was not able to do so. <u>United States v. LaRizza</u>, 72 F.3d 775, 779 (9th Cir. 1995); <u>United States v. Montgomery</u>, 998 F.2d 1468, 1472-1473 (9th Cir. 1992).

      In a conspiracy case such as this where the witnesses participated in the alleged offense, the testimony of any cooperating witnesses is vital to the defense. Even if the government has no reason to call the witnesses to testify, the defense may wish to call them to provide favorable testimony. Accordingly, the defendant

1 requests that the Court permit defense counsel to question any
2 cooperating witnesses before trial.  See United States v. Hernandez,
3 608 F.2d 741 (9th Cir. 1979); United States Bower, 575 F.2d 499 (9th
4 Cir. 1978).
5     In Callahan v. United States, 371 F.2d 658 (9th Cir. 1957),
6 the court held that both the defense and the prosecution had the right
7 to interview witnesses before trial, and that exceptions to such rules
8 were justifiable only by the clearest and most compelling
9 circumstances.  It is beyond dispute that witnesses to a crime are the
10 property of neither the prosecution nor the defense, and that both
11 sides have an equal right to interview them and should have an equal
12 opportunity to do so.

### IV.

### REQUEST FOR LEAVE TO FILE FURTHER MOTIONS

15     Mr. Rines and defense counsel have received very little
16 discovery in this case.  As additional information becomes available
17 through further discovery and investigation, Mr. Rines requests leave
18 to file further motions, as appropriate.

### V.

### CONCLUSION

21     For the reasons stated above, Mr. Rines respectfully requests
22 that the Court grant his motions, and accord such other relief as seems
23 just.

24                                                Respectfully submitted,

26 Dated: August 15, 2008         */S/ Wendy S. Gerboth*
                                       Wendy S. Gerboth
27                                        Attorney for Marc Anthony Rines

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE JANIS L. SAMMARTINO)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 08-CR-2431-03-JLS |
| Plaintiff, | ) | |
| | ) | PROOF OF SERVICE |
| v. | ) | |
| MARC WILLIAM RINES (3), | ) | |
| Defendant. | ) | |

I, WENDY S. GERBOTH, certify:

1. I am over eighteen years of age, a United States citizen, a resident of the County of San Diego, State of California. I am not a party to the above-titled action.

2. My business address is 964 Fifth Avenue, Suite 214, San Diego, California 92101.

3. I caused service of the Notice of Motions and Motions (1) **TO COMPEL DISCOVERY; (2) TO REQUIRE DISCLOSURE OF THE IDENTITY OF CONFIDENTIAL INFORMANT(S) AND (3) FOR LEAVE TO FILE FURTHER MOTIONS** and **STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES** on the following by electronically filing the foregoing with the Clerk of the District Court by using the ECF System, which electronically notifies the following individuals

| | |
|---|---|
| David D. Leshner | david.leshner@usdoj.gov |
| Timothy R. Garrison | timothy_garrison@fd.org, |
| Stephen W. Peterson | swplaw@sbcglobal.net |
| David H. Bartick | db@barticklaw.com |
| Robert A. Garcia | robertim@pacbell.et |

I certify under penalty of perjury that the foregoing is true and correct. Executed on August 15, 2008 at San Diego, California.

*/s/ Wendy S. Gerboth*
WENDY S. GERBOTH